People v Cordon (2021 NY Slip Op 00751)





People v Cordon


2021 NY Slip Op 00751


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1102 KA 19-00379

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAIME CORDON, ALSO KNOWN AS JAMIE CORDON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered January 4, 2019. The judgment convicted defendant upon his plea of guilty of burglary in the second degree, attempted burglary in the second degree, burglary in the third degree and criminal possession of stolen property in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently with respect to each other, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), attempted burglary in the second degree (§§ 110.00, 140.25 [2]), burglary in the third degree (§ 140.20), and criminal possession of stolen property in the fourth degree (§ 165.45 [2]), defendant contends, and the People correctly concede, that his waiver of the right to appeal is invalid because Supreme Court "mischaracterized it as an 'absolute bar' to the taking of an appeal" (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US —, 140 S Ct 2634 [2020]). We reiterate that the better practice is for the court "to use the Model Colloquy, which 'neatly synthesizes . . . the governing principles' " (id.; see NY Model Colloquies, Waiver of Right to Appeal).
We agree with defendant, however, that the imposition of consecutive sentences with respect to each count renders the sentence unduly harsh and severe considering, inter alia, defendant's opiate addiction resulting from injuries he sustained while serving in the United States Army, his struggles with mental illness, and his acceptance of responsibility and show of remorse. Under the circumstances, we therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently with respect to each other (see CPL 470.15 [6] [b]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court